Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5583 | **DATE** | 9/5/2012 |
| **CASE TITLE** | Terrance Johns (#2011-07112099) v. Colleen Koch, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The complaint, however, is dismissed. The dismissal is without prejudice to Plaintiff seeking relief in state court; however, the dismissal counts as one of Plaintiff's three allotted dismissals in federal court under 28 U.S.C. § 1915(g).

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff Terrance Johns, currently confined at Cook County Jail, filed this civil rights action naming as Defendants Cook County Public Defender Abishi Cunningham, Assistant Public Defenders Colleen Koch and Ericka Soderdahl, and Cook County Circuit Court Judge Diane Cannon. Plaintiff alleges that, in 2010, he was charged with two counts of delivery of a controlled substance, that Assistant Public Defender Colleen Koch was appointed to represent him, but that she neither conducted discovery nor adequately represented him with respect to his guilty plea. Plaintiff was sentenced in March 2010 and was subsequently released. He is currently faces charges, which he believes are the same charges from his prior case. He seeks transcripts of his 2010 state court proceedings, as well as a copy of his indictment. According to his complaint, he wrote to the public defender's office, to court reporters, and to Judge Cannon, as well as another Cook County Circuit Court judge, but to no avail. Plaintiff seeks this court to compel Judge Cannon or the assistant public defenders to produce the transcripts.

    Preliminary review of the complaint reveals that it must be dismissed. *See* 28 U.S.C. § 1915A. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). (judges have absolute immunity from civil suits that challenge their actions taken in their judicial roles). Defense attorneys, even public defenders, are not considered "state actors" for purposes of 42 U.S.C. § 1983, and cannot be named as a defendant in such a case. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). To the extent Plaintiff seeks this Court to review the decisions of a state court, federal courts are not super state courts that review errors of state law. *Stone v. Farley*, 86 F.3d 712, 718 (7th Cir. 1996). To the extent Plaintiff attempts to allege a constitutional claim of denied access to courts, his allegations do not state such a claim. *In re Maxy* 674 F.3d 658, 661 (7th Cir. 2012) (the right to access courts is violated when a prisoner is deprived of access and demonstrates an actual injury as a result).

    Although this Court sympathizes with Plaintiff's attempts to obtain transcripts from his 2010 state criminal case, a civil rights suit in this Court is not the proper vehicle. It appears that Illinois Supreme Court Rule 607 provides the means for an indigent person may to request a report of his proceedings. That rule directs such a person to petition the judge who sentenced him or another judge of the same court, if the sentencing judge is not available. If unsatisfied by the state trial court's actions, Plaintiff may seek to appeal that decision to a state appellate court.
**(CONTINUED)**

    isk

| STATEMENT |
|---|
| For the above-stated reasons, the Court dismisses this case without prejudice to Plaintiff seeking relief in state court. Because Plaintiff's complaint does not state a claim upon which this Court can grant relief, the dismissal counts as one of Plaintiff's three allotted dismissal pursuant to 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes under § 1915(g), he will not be able to file suit in a federal court as a prisoner without pre-paying the filing fee or demonstrating that he is in imminent danger of serious physical injury. *See* § 1915(g).<br><br>  Although Plaintiff cannot proceed with his case, he must still pay the filing fee for having initiated a case in this Court. *See* 28 U.S.C. § 1915(b). The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $3.60 pursuant to § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from the trust account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred. |